** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KRYPTEK OUTDOOR GROUP, LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 1:15-cv-348 |
| v. | § | |
| | § | JUDGE RON CLARK |
| SALT ARMOUR, INC., | § | |
| ALPHA DEFENSE, INC., AND | § | PRD |
| THOMAS J. DE SERNIA, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER AWARDING ATTORNEYS' FEES & COSTS ASSOCIATED WITH OPPOSING DEFENDANTS' MOTION TO VACATE

Plaintiff Kryptek Outdoor Group, LLC, a seller of camouflage clothing, filed suit against Defendants Salt Armour, Inc., Alpha Defense, Inc., and Thomas J. De Sernia collectively ("Defendants"), alleging infringement of design patents, copyrights, trademarks, and trade dress. This court entered default judgement to Kryptek for injunctive relief and for damages. Dkts. ## 16, 22, & 23. Later the court partially granted Defendants' motion to vacate, vacating the damages award, leaving the injunction in place, and leaving the award of attorneys fees in place but allowing Defendants an opportunity to provide authority for the proposition that the fee award should be reduced. Dkt. # 35. The court later entered an order reducing Kryptek's award of attorney's fees associated with obtaining the default and default judgement to $35,972.50 plus costs in the amount of $175.98. Dkt. # 37. Kryptek was also allowed to submit a request for the fees incurred in opposing the motion to vacate, as it had prevailed in maintaining the injunction in place. Dkt # 37.

1

Kryptek submitted a motion in support of its request for additional fees and costs. Dkts. ## 39, 44. Defendants responded. Dkt. # 42. The court finds that Kryptek is entitled to an additional $41,493.75 in attorney's fees and $367.51 in costs associated with responding to Defendants' Motion to Vacate. Kryptek is also entitled to an additional $375.95 in costs, which is the amount dispersed for a transcript that was associated with but not incorporated into the prior award (Dkt. # 37).

## BACKGROUND

The court previously set out a timeline of the events in this case, which shall not be repeated here. Dkt. # 37 at pp. 1–2.

## LEGAL STANDARD

The Fifth Circuit uses the lodestar method to calculate the proper amount of attorney's fees to be awarded. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Under the lodestar method, the court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for participating attorneys and multiplies these two figures together to arrive at the lodestar.[1] *Id*. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are

---

[1] The lodestar amount is presumptively reasonable and should only be adjusted in exceptional circumstances based on the following *Johnson* factors: (1) the time and labor required for litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorneys had to refuse other work to litigate the case; (5) the attorneys' customary fee; (6) whether the fee was fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether the relationship was longstanding; and (12) awards made in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). In this case, neither party explicitly addressed the *Johnson* factors, but Defendants' objections implicitly address a few of the factors and, by extension, request a downward adjustment based on those factors. The court's overruling of Defendants' objections, however, rejects the implied notion that circumstances are "exceptional" in this case or Defendants' implied proposition that a downward adjustment is warranted.

in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 104 S. Ct. 1541, 1547 n.11 (1984); *see also Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "Litigants clearly 'take their chances' that the district court will reject or reduce fee awards if they submit vague or incomplete applications." *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997) (quoting *Kellstrom*, 50 F.3d at 326–27).

## ANALYSIS

The court finds that Kryptek is entitled to an additional $41,493.75 in attorney's fees and $367.51 in costs associated with Kryptek's opposing Defendants' motion to vacate the default judgement. Kryptek is also entitled to an additional $375.95, the price of a transcript that was associated with the prior award (Dkt. # 37), which is taxable as a cost.

**A.  Kryptek is entitled to $41,493.75 in attorney's fees associated with opposing Defendants' motion to vacate.**

To support its claim for attorney's fees under the lodestar method, Kryptek submitted invoices providing the number of hours worked on opposing Defendants' motion and the billing rates for three attorneys: Ms. Darlene Ghavimi (DG), Mr. Stewart Mesher (SM), and Mr. Thomas Warden (TW). The invoices provide the following hours, billing rates, and total bills for work associated with Kryptek's opposition to Defendants' motion:

| Invoice #[2] | DG (hrs) | DG $/hr | DG (total) | SM (hrs) | SM $/hr | SM (total) | TW (hrs) | TW $/hr | TW (total) |
|---|---|---|---|---|---|---|---|---|---|
| 340031 | 0.75 | $320 | $240.00 | 4.5 | $495 | $2,227.50 | 0.5 | $450 | $225.00 |
| 342807 | 0 | | | 7.0 | $495 | $3,465.00 | 34.25 2.00[3] | $450 $0 | $15,412.50 |
| 343999 | 0.40[4] | $0 | | 12.75 | $495 | $6,311.25 | 30.25 10.75[5] | $450 $0 | $13,612.50 $0 |
| **Totals** | 0.75 | | **$240.00** | 24.25 | | **$12,003.75** | 65 | | **$29,250.00** |

In sum, the total amount of attorney's fees related to Kryptek's work in opposing Defendants' motion to vacate is $41,493.75, the sum of the three dollar amounts in the final row of the table above. Dkt. # 37 at p. 1. Kryptek's calculation is based on the same or very similar billing rates to those which this court has previously reviewed and found to be reasonable. Dkt. # 22 at p. 17.

Defendants object to Kryptek's request, claiming that the billing rates are unreasonable, which is an argument recycled from the last dispute over an award for fees, and that the number of hours billed, in particular by partners rather than associates, is also unreasonable. The court overrules these objections.

### 1. Kryptek's billing rates are reasonable.

First, the billing rates that Kryptek claim are reasonable. The rates presented are the

---

[2] The entries associated with each Invoice are reported on page 8 (Invoice # 340031), page 17 (Invoice # 342807), and page 14 (Invoice # 343999) of Dkt. # 39-1.

[3] Invoice # 342807 includes entries for work performed by Mr. Warden that total 2.00 hours but reflect "No Charge" (Dkt. # 39-1 at p. 13). These entries are in addition to the 34.25 hours represented in the table for which there was a charge. The "No Charge" entries are not part of the fees requested or awarded.

[4] Invoice # 343999 has a single time entry for 0.40 hours of work by Ms. Ghavimi (Dkt. # 39-1 at p. 16), but that entry also reflects "No Charge." This entry is not part of the fees requested or awarded.

[5] Invoice # 343000 includes entries for work performed by Mr. Warden that total 10.75 hours but reflect "No Charge" (Dkt. # 39-1 at p. 17). These are in addition to the 30.25 hours represented in the table and are not part of the fees requested or awarded.

same, or very similar to, rates that were previously considered by this court; for the reasons already discussed in the court's prior order on attorney's fees (Dkt. # 22 at p.17), the quoted hourly billing rates are reasonable. Because the rates are reasonable, no further reduction in the lodestar amount is justified.

Defendants once again complain that Kryptek's request reflects unreasonable billing rates,[6] because according to them, the rates are much higher than prevailing rates in Beaumont. Dkt. # 42 at p. 4. However, this court previously considered the same arguments and overruled them in the face of countervailing evidence, specifically a 2013 AIPLA Report of Economic Survey and affidavits from Kryptek counsel. Here again, third-party surveys and an affidavit from Mr. Thomas Warden (Dkt. # 39-1) support a finding of reasonableness. Defendants' objections ignore the court's prior Order and assume that the court will overlook the affidavit.

**2. The number of hours Kryptek billed is reasonable.**

Second, the total number of hours that Kryptek billed for work on opposing Defendants' motion, 90 hours, is reasonable. It is true that the court vacated the default damages award, and that it appears that actual provable damages may be substantially lower. But, Kryptek alleged infringement of four types of intellectual property (design patents, copyright, trademark, and trade dress), including three design patents and ten copyrighted works. The injunctive relief is important to Kryptek not only in relation to these Defendants, but also a deterrent to others. Given the significance of opposing the motion and the scale of the case, it is reasonable that Kryptek counsel billed a total of 90 hours. The affidavit from Kryptek's counsel also support a

---

[6] Defendants cite two other cases where the fees and costs award associated with default proceedings was lower. *See* Dkt. # 42, at p. 1. However, determining what is reasonable is highly fact-intensive. *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000). This court is not persuaded that it should ignore the representations of one of the parties in this case simply because fees and costs in two other cases were, for whatever reason, lower.

finding that the time expended was reasonable in light of the circumstances and the potential consequences of losing the issue.   Dkt. # 39-1.

The invoices reflect additional time entries that were related to opposing Defendants' motion for which there was "No Charge."   These entries are not reflected in the amount of fees requested.   This reflects an appropriate exercise of billing judgment, supporting the conclusion that Kryptek's request is reasonable.

Defendants complain that Kryptek's billing was inefficient, and partners billed for tasks that associates should have been performing.   Dkt. # 42 at p. 3. This is different than a claim that an attorney is performing work that should be done by a secretary or paralegal.   One would expect a seasoned attorney who charged a higher hourly rate to expend less time on a particular task than a junior attorney who bills a lower rate.   But, the court will not delve into a discussion of what level attorney should be handling what type of work.   Defendants cite no support for the proposition that a court is required to parse through what types of tasks specific lawyers handled or question why associates were not more intensively utilized.   There is no evidence that a partner with a higher hourly rate spent more than the time that would be reasonable for particular tasks

Defendants also complain that some of the tasks appear not to relate to the default or even the case, citing several entries on Kryptek's bills that refer to Under Armour.   *See* Dkt. # 42 at p. 3.  Based on the representations in Kryptek's reply brief that these do, indeed, relate to the case, Kryptek has not provided the court with any reason to doubt that these are related to counsel's work on opposing the motion.

Because both the billing rates and the number of hours billed is reasonable, the court finds that no further reduction in the lodestar amount is justified.   Kryptek is entitled to an additional $ 41,493.75 in fees, in addition to what was previously ordered at Dkt. # 37.

**B.      Kryptek is entitled to an additional $367.51 in costs associated with opposing Defendants' motion to vacate.**

Kryptek requests $367.51 in costs, or "necessary expenses" as characterized by Kryptek, related to opposing Defendants' motion. Dkt. # 37 at p. 1.

A court may award costs to prevailing parties under Federal Rule of Civil Procedure 54(d). Pursuant to 28 U.S.C. § 1920, a court may tax the following as costs:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in this case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation in services under section 1828 of this title.

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute but may not award costs omitted from the statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Travel expenses are taxable as costs under Section 1920 if those expenses were necessarily incurred. *See Studiengeselischaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983). "Without specific objections, [a party's claimed] costs are presumed valid." *A & J Elec. Cable Corp. v. Emerson Network Power, Inc.*, Case No. H-10-2361, 2013 WL 1290938, *2 (S.D. Tex. Mar. 26, 2013).

The sum of costs requested by Kryptek, $367.51, is the sum of the amounts reflected as "disbursements" from the last two invoices provided. Invoice No. 342807 reflects $29.86 in disbursements related to copying and mailing (Dkt. # 39-1 at p. 13). Invoice No. 343999

reflects $337.65 in disbursements related to the matter, for instance travel expenses related to attending the hearing on the motion to vacate (Dkt. # 39-1 at p. 17). Defendants do not object on any grounds to the amount of costs requested.

Here, there is no objection, so Kryptek's costs are presumed valid. The court also finds that the costs reflected in the invoices were borne out of necessity. Therefore, the court finds that Kryptek is entitled to an additional $367.51 in costs for opposing the motion to vacate, in addition to what was previously ordered at Dkt. # 37.

**C.     Kryptek is also entitled to an additional $375.95 for the amount paid for a transcript of the March 2, 2016 hearing, which is a cost related to the prior court award.**

Kryptek also seeks additional costs in some amount between $375.95 and $405.95, the two numbers that were provided for the cost of ordering a transcript of the March 2, 2016 evidentiary hearing on damages. The transcript was ordered in relation to the Default Judgment, which was the subject of the court's prior award but not included in the prior award because Kryptek had not yet received the court reporter's invoice. Dkt. # 39 at p. 4. Defendants do not object to this particular cost, and the court accepts Kryptek's representation that this cost was a necessary expense.

However, there is some confusion in the documentation about the total cost of the transcript: the invoice provided with the current motion states the amount of the transcript was $375.95 (Dkt. # 39-1 at p. 7), but both Mr. Warden (Dkt. # 39-1 (Warden Decl.) at p. 4, ¶ 9) and the opening paragraph of Kryptek's brief (Dkt. # 38 at p.1) state that Kryptek seeks $405.95 for the transcript. Because there is no documentary evidence to support the $30.00 difference between these two amounts, the court finds that Kryptek is entitled to only the amount that is reflected on the invoice, $375.95, in additional costs. This is in addition to the court's prior award at Dkt. # 37.

**D.      The parties have agreed to reasonably resolve the case.**

This is a case where the parties appear to have resolved their substantive disputes over the claims, including damages, but still seek a court order regarding fees and costs.  This paragraph addresses the parties' agreements regarding other aspects of the case.

On August 25, 2016, the parties' filed a Joint Notice in which Defendants stated their position that they were prepared to reasonably resolve the case based on total sales of $4,016.20. Dkt. # 43, at p.1.   Kryptek stated that its position was that an Order Governing Procedures was required (*id*.), meaning that the case should be reopened.   After reviewing the Notice, the court held a hearing to determine what exactly was the ongoing dispute, given that the dollar value of sales was noticeably low.   Dkt. # 45 (Minute Entry).   At the hearing, the court required Defendants to submit additional documentation to Kryptek to substantiate the total sales number of $4,016.20.   It appears that Defendants complied, as Kryptek most recently advised the court that "it is prepared to reasonably resolve the dispute over the appropriate damages due in this case in light of the more complete information it has received about Defendants' sales." Dkt. # 49 at p. 1.   Therefore, it appears that the parties no longer dispute the damages amount, and aside from the issue of this final award for fees and costs, the parties are prepared to reasonably resolve the case outside of court.

**E.      Conclusion**

It is THEREFORE ORDERED that Kryptek is entitled to additional attorney's fees in the amount of $41,493.75, and costs in the amount of $367.51, which are the amounts associated with opposing Defendants' Motion to Vacate supported by the documentation provided by Kryptek.   Defendants shall pay Kryptek these amounts **within 30 days** of the date of this Order.

It is FURTHER ORDERED that Kryptek is entitled to an additional $375.95 for the cost of a transcript in relation to the prior attorney's fees award. Defendants shall pay Kryptek this

amount **within 30 days** of the date of this Order.

In the event that Defendants have not yet paid Kryptek for the prior award (as Kryptek has asserted, *see* Dkt. # 49, at pp. 1–2), it is FURTHER ORDERED that Kryptek is entitled to a total amount of attorneys' fees and costs of $78,385.69 (which includes the total prior award (Dkt. # 37, at p.1) plus the total award of this Order).   Defendants shall ensure that Kryptek has been paid a sum that totals this amount **within 30 days** of the date of this Order.

It is FURTHER ORDERED that the parties are to file a notice to the court regarding the status of settlement negotiations **within 45 days** of the date of this Order.

So **ORDERED** and **SIGNED** this **9**   day of **January, 2017.**

_____
Ron Clark, United States District Judge